IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE

FILED JUN 13 2014 TOM HATCHER CIRCUIT COURT CLERK

| | |
|---|---|
| ALLISON MARBET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO: L-18618 |
| ) | |
| ALLEGIANT TRAVEL COMPANY, ) | 12 Person Jury Demanded |
| a Nevada Corporation, and ) | |
| ALLEGIANT AIR, LLC, a ) | |
| Nevada Limited Liability Company, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS ALLEGIANT TRAVEL COMPANY AND ALLEGIANT AIR, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, ALLEGIANT TRAVEL COMPANY and ALLEGIANT AIR, LLC (collectively "Allegiant"), by its attorneys, Broderick L. Young, and ARNETT, DRAPER AND HAGOOD LLP, and for its Answer and Affirmative Defenses to Plaintiff ALLISON MARBET'S ("Plaintiff") Complaint, state as follows:

### JURISDICTION AND VENUE

1. The incident giving rise to this action occurred in Blount County, Tennessee; therefore, jurisdiction and venue are proper, including pursuant to T.C.A. § 16-10-101 and T.C.A. §20-4-101.

**ANSWER:** For response to the allegations contained within Paragraph 1 of the Complaint, to the extent the term "incident" implies any negligence on the part of Allegiant which is alleged to have caused any injury to the plaintiff, said allegations are denied. For further response, Allegiant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within said Paragraph, and therefore said allegations are denied.

1

EXHIBIT E

## PARTIES

2. The Plaintiff, ALLISON MARBET ("MS. MARBET" or "PLAINTIFF"), is a resident of Pinellas Park, Florida.

**ANSWER:** For response to the allegations contained within Paragraph 2 of the Complaint, Allegiant is without knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore they are denied.

3. Defendant ALLEGIANT TRAVEL COMPANY is a Nevada corporation formed under the laws of the State of Nevada with a principal place of business in Las Vegas, Nevada. At all times relevant to this action, Defendant ALLEGIANT TRAVEL COMPANY transacted and conducted business in the State of Tennessee by operating an airline company of common carriage in cooperation, agency, joint venture, and through direct and/or derivative ownership and contract with Defendant ALLEGIANT AIR, LLC and engaged in the transportation of individuals by aircraft arriving and departing McGhee Tyson Airport in Alcoa, Blount County, Tennessee (the "Airport"). Defendant ALLEGIANT TRAVEL COMPANY may be served through its registered agent for service of process in the State of Nevada, Andrew G. Levy, 8360 S. Durango Drive, Las Vegas, NV 89113.

**ANSWER:** Allegiant admits that Allegiant Travel Company is incorporated in the state of Nevada, has its principal place of business at its headquarters in Las Vegas, Nevada and can be served through its registered agent for service of process in the State of Nevada, Andrew G. Levy, 8360 S. Durango Drive, Las Vegas, NV 89113. Allegiant also admits that Allegiant Air, LLC is a limited liability company and a wholly-owned subsidiary of Allegiant Travel Company. Allegiant denies the remaining allegations set forth in Paragraph 3.

4. Defendant ALLEGIANT AIR, LLC is a limited liability company formed under the laws of the State of Nevada with a principal place of business in Las Vegas, Nevada. At all times relevant to this action, Defendant ALLEGIANT AIR, LLC transacted and conducted business in the State of Tennessee by operating an airline company of common carriage in cooperation, agency, joint venture, and through direct and/or derivative ownership and contract with Defendant ALLEGIANT TRAVEL COMPANY, and engaged in the transportation of individuals by aircraft arriving and departing the Airport. Defendant ALLEGIANT AIR, LLC may be served through its registered agent for service of process in the State of Tennessee, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee, 37203-1312.

**ANSWER:** Allegiant admits that Allegiant Travel Company is incorporated in the state of Nevada, has its principal place of business at its headquarters in Las Vegas, Nevada and can be served through its registered agent for service of process in the State of Nevada, Andrew G. Levy, 8360 S. Durango Drive, Las Vegas, NV 89113. Allegiant also admits that Allegiant Air, LLC is a limited liability company and a wholly-owned subsidiary of Allegiant Travel Company. Allegiant denies the remaining allegations set forth in Paragraph 4.

## FACTS

5. At all times relevant to this action, Defendants owned or leased, managed, and maintained a commercial aircraft (the "Aircraft") for use in their business operations to transport individuals in domestic air travel.

**ANSWER:** Allegiant admits that ALLEGIANT AIR, LLC owned or leased and maintained a commercial aircraft for use in its operations as a Scheduled Air Carrier. Allegiant denies the remaining allegations contained in Paragraph 5.

6. On April 8, 2013, the Aircraft was operated by Defendants as Allegiant Air Flight 833, and was scheduled to fly from the Airport in Alcoa, Tennessee, to St. Petersburg Clearwater International Airport.

**ANSWER:** Allegiant admits that on April 8, 2013, ALLEGIANT AIR, LLC operated Flight 833, which was scheduled to fly from Alcoa, Tennessee to St. Petersburg/Clearwater International Airport. Allegiant denies the remaining allegations contained in Paragraph 6.

7. On April 8, 2013, Plaintiff, Allison Marbet, was a fare paying passenger aboard Flight 833.

**ANSWER:** Allegiant admits the allegations contained in Paragraph 7.

8. At all times mentioned herein, employees, servants and agents of Defendants acted as mechanics, aircraft inspection and preparation personnel, captain, first officer, and/or other members of the flight crew for Flight 833. Said mechanics, aircraft inspection and preparation personnel, captain first officer, and/or other members of the flight crew were employees, servants and agents of Defendants, acting within the course and scope of their employment and agency with Defendants. Accordingly, Defendants are liable for the actions, inactions and omissions of the mechanics, aircraft inspection and preparation personnel, captain, first officer, and/or other members of the flight crew through, *inter alia*, the legal doctrines of agency, apparent agency, *respondeat superior*, vicarious liability, derivative liability, indemnity and contract.

**ANSWER:** Paragraph 8 of Plaintiff's complaint contains legal conclusions to which no response is required. To the extent that a response to Paragraph 8 is deemed required, Allegiant admits that on April 8, 2013, ALLEGIANT AIR, LLC operated Flight 833. Allegiant also

4

admits that the entire flight crew of Flight 833 consisted of ALLEGIANT AIR, LLC employees. Allegiant denies the remaining allegations contained in Paragraph 8.

9. At all times relevant hereto, Defendants were likewise responsible for hiring, training, and monitoring its employees, servants and agents, including the mechanics, aircraft inspection and preparation personnel, captain, first officer, and/or other members of the flight crew for Flight 833, including by and through employees, servants and agents of the Defendants, who acted within the course and scope of their employment and agency with Defendants. Accordingly, Defendants are further liable for their actions, inactions and omissions, including those of their employees, servants and agents, with respect to hiring, training and/or monitoring, including through, *inter alia*, the legal doctrines of agency, apparent agency, *respondeat superior*, vicarious liability, derivative liability, indemnity and contract.

**ANSWER:** Paragraph 9 of Plaintiff's complaint contains legal conclusions to which no response is required. To the extent that a response to Paragraph 9 is deemed required, Allegiant admits that on April 8, 2013, ALLEGIANT AIR, LLC operated Flight 833. Allegiant also admits that on April 8, 2013, the flight crew of Flight 833 consisted of ALLEGIANT AIR, LLC employees. Allegiant denies the remaining allegations contained in Paragraph 9.

10. Flight 833 was scheduled to depart the Airport at approximately 3:00 p.m. on April 8, 2013.

**ANSWER:** Allegiant admits the allegations contained in Paragraph 10.

11. After Flight 833 departed from the Airport on April 8, 2013, one of the Aircraft's engines failed to operate properly and shut down while the Aircraft was airborne. The pilot announced to the passengers in the cabin that one of the aircraft's engines had failed and that an emergency landing would be made.

**ANSWER:** Allegiant admits only that on April 8, 2013, Flight 833 departed the Airport in Alcoa, Tennessee and thereafter landed. Allegiant denies the remaining allegations contained in Paragraph 11.

12. The Defendants, by and through their employees, servants and agents, including the mechanics, aircraft inspection and preparation personnel, captain, first officer, and/or other members of the flight crew for Flight 833, maintained, inspected, prepared and/or operated the Aircraft in an unsafe, dangerous, unreasonable manner, causing the Aircraft to malfunction and to make an emergency landing back at the Airport.

**ANSWER:** Allegiant denies the allegations contained in Paragraph 12.

13. As the direct, foreseeable and proximate result of the negligence of Defendants, Plaintiff suffered severe damages, as more fully described herein below.

**ANSWER:** Allegiant denies the allegations contained in Paragraph 13.

## COMMON LAW ACTS OF NEGLIGENCE

14. Plaintiff restates and incorporates herein by reference all allegations contained in Paragraphs 1-13 above.

**ANSWER:** For response to the allegations contained within Paragraph 14 of the Complaint, Allegiant incorporates by reference its answers to Paragraphs 1-13 above, as if set forth and restated fully herein in response to said Paragraph.

15. On and before April 8, 2013, Defendants, through their agents, servants, and employees, as a common carrier for hire, had a duty to exercise the highest degree of care in transporting MS. MARBET and others similarly situated.

**ANSWER:** Paragraph 15 of the Complaint appears to contain merely legal conclusions rather than factual allegations, and therefore no response is required of Allegiant. For further response,

6

to the extent Paragraph 15 of the Complaint implies or asserts that any actions or omissions of Allegiant were the proximate cause of any injury to the Plaintiff, said allegations are denied.

16. On April 8, 2013, Defendants, through their agents, servants, and employees, including but not limited to the mechanics, aircraft inspection and preparation personnel, captain, first officer, and/or other members of the flight crew for Flight 833, were negligent and otherwise breached their common law duty of care to MS. MARBET by various acts and omissions, including, but not limited to, the following:

(a) failing to take adequate precautions to ensure that the Aircraft was maintained, inspected, prepared, and/or operated in a safe and reasonable manner;

(b) failing to maintain the Aircraft in a safe and reasonable manner;

(c) failing to inspect the Aircraft in a safe and reasonable manner;

(d) failing to undertake and perform safe and reasonable procedures necessary to accomplish a safe flight;

(e) failing to prepare the Aircraft for flight in a safe and reasonable manner;

(f) failing to operate the Aircraft in a safe and reasonable manner;

(g) failing to follow safe and reasonable pre-flight procedures;

(h) unreasonably attempting to fly the Aircraft when the Aircraft was not in a reasonably safe condition to allow for a safe flight;

(i) failing to abort take-off of the Aircraft when it was in an unsafe condition;

(j) establishing and implementing policies that resulted in dangerous and unsafe conditions prior to and during Flight 833, or failing to establish and implement policies that would have mitigated or eliminated such dangerous and unsafe conditions;

(k) acting in an otherwise negligent, careless, or reckless manner; and,

(l) any other common law act of negligence.

**ANSWER:** Allegiant denies the allegations contained in Paragraph 16, including subparagraphs (a)-(l).

17. Defendants, including through their agents, servants, and employees, were further negligent and otherwise breached their common law duty of care to MS. MARBET by various acts and omissions, including, but not limited to, the following:

(a) Failing to utilize proper and reasonable hiring practices with respect to hiring the mechanics, aircraft inspection and preparation personnel, captain, first officer, and/or other members of the flight crew on Flight 833;

(b) Failing to properly and reasonably train the mechanics, aircraft inspection and preparation personnel, captain, first officer, and/or other members of the flight crew on Flight 833;

(c) Failing to properly and reasonably monitor the mechanics, aircraft inspection and preparation personnel, captain, first officer, and/or other members of the flight crew on Flight 833; and,

(d) Any other common law act of negligence.

**ANSWER:** Allegiant denies the allegations contained in Paragraph 17, including subparagraphs (a)-(d).

## DAMAGES OF PLAINTIFF

18. As a direct, foreseeable, and proximate result of the carelessness, recklessness, and negligence, as described above, the Plaintiff, MS. MARBET, was damaged as follows:

(a) She has sustained serious and painful personal injuries resulting in past and future physical pain and mental suffering;

(b) She has incurred medical bills and will incur future medical bills, and she has incurred travel expenses for trips to and from her doctor;

(c) She has sustained loss of enjoyment of life, both past and future;

(d) She has sustained lost wages, both past and future, and lost earning capacity; and

(e) Such other damages as the Plaintiff may have sustained, which were proximately caused by the landing and negligence herein above described.

**ANSWER:** Allegiant denies the allegations contained in Paragraph 18, including all subparagraphs (a)-(e).

## ALLEGIANT'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Allegiant Travel Company and Allegiant Air, LLC, without prejudice to the denials asserted in their Answer to Plaintiff's Complaint, assert and alleges the following Affirmative Defenses to Allison Marbet's Complaint. Allegiant Travel Company and Allegiant Air, LLC expressly reserve their right to amend their Answer and Affirmative Defenses and to assert any and all additional defenses as may be revealed by further investigation and discovery. Allegiant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails, in whole or in part, to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff may lack capacity and/or standing to bring this action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred, in whole or in part, by the applicable statute of

limitations.

## FOURTH AFFIRMATIVE DEFENSE

Defendant complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part and/or preempted by federal law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's action may be governed, in whole or in part, by the laws of jurisdictions other than Tennessee.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by *res judicata*, collateral estoppel, laches, and/or waiver.

## EIGHTH AFFIRMATIVE DEFENSE

Pending discovery in this cause, Allegiant reserves the right to plead and rely upon the affirmative defense of modified comparative fault as set forth by the Tennessee Supreme Court as to the plaintiff, or any other person or entity, should it be shown that either the plaintiff or another person or entity was responsible for having caused and/or contributed to the plaintiff's injuries which are the subject matter of this action. If such a defense is later plead, it is further plead that in such an instance the plaintiffs' claims for damages should either be barred or diminished in accord with the plaintiff's or said third party's negligence and fault.

## NINTH AFFIRMATIVE DEFENSE

The damages, if any, of Plaintiff may have been directly and proximately caused by an unavoidable accident, sudden emergency, or act of God for which Allegiant is not liable.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed on the ground that Plaintiff has failed to join necessary and indispensable parties.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, may be barred and/or limited under applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

An award or judgment rendered in favor of Plaintiff must be reduced by the amount of benefits Plaintiff received, or is entitled to receive, from any source as a result of the alleged incident.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and available damages may be barred by virtue of prior settlements with respect to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred in whole or in part because he may have already received full satisfaction and/or compensation for the injuries and damages, if any, and his claims may be barred by Plaintiff's prior release of claims and/or accord and satisfaction with any entity.

WHEREFORE, having fully answered the Complaint herein, Defendants pray that this cause be dismissed and that they be awarded their costs, or in the alternative that a jury of twelve persons be impaneled to hear the issues enjoined.

June 13, 2014.

ARNETT, DRAPER AND HAGOOD, LLP

By: _____
Broderick L. Young (BPR No. 019668)
*Attorney for Defendants*
P.O. Box 300
2300 First Tennessee Plaza
Knoxville, TN 37901-0300
(865) 546-7000


Kurt C. Schlueter, Esq.
Brian T. Maye, Esq.
ADLER, MURPHY & McQUILLEN, LLP
20 S. Clark St., Suite 2500
Chicago, IL 60603
(312)-345-0700
Fax: 312-345-9860


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of this pleading or document has been served upon counsel for all parties in interest in this case by delivering a true and exact copy of said pleading or document to the office of said counsel or by placing a true and exact copy of said pleading or document in the United States Mail, addressed to said counsel's office, with sufficient postage thereupon to carry the same to its destination.

B. Keith Williams, Esq.
James R. Stocks, Esq.
LANNOM & WILLIAMS
137 Public Square
Lebanon, TN 37087


This the 13th day of June, 2014.

_____
BRODERICK L. YOUNG